**Alexander CHU, Plaintiff–Appellant,**

v.

**CITY OF NEW YORK, Defendant–Appellee.**

No. 02–9474.

United States Court of Appeals, Second Circuit.

Nov. 21, 2003.

Alexander Chu, New York, NY, for Appellant, pro se.

Susan Choi–Hausman, Assistant Corporation Counsel, New York, NY, for Appellee.

Present: WALKER, Chief Judge, LEVAL, and CABRANES, Circuit Judges.

**SUMMARY ORDER**

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-appellant Alexander Chu appeals from an order of the district court for the Eastern District of New York, dismissing his 42 U.S.C. §§ 1983, 1985, and 1986 claims against the City of New York. Chu's allegations stem from child support proceedings and a resulting levy placed on his bank account for failure to make child support payments. The district court granted the City's motion to dismiss, holding that under the *Rooker–Feldman* doctrine, because Chu's claims generally arose from state court proceedings, it did not have jurisdiction to consider Chu's claims. Moreover, the district court held that Chu's claims, based almost exclusively on conclusory allegations, were without merit.

We agree with the district court that Chu's claims are barred from review under the *Rooker–Feldman* doctrine. It is well settled that inferior federal courts lack jurisdiction to review state court decisions, whether final or interlocutory. *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Doctor's Assoc., Inc. v. Distajo,* 107 F.3d 126, 138 (2d Cir.1997); *Gentner v. Shulman,* 55 F.3d 87, 89 (2d Cir.1995). The *Rooker–Feldman* doctrine bars not only claims which would involve direct review of a state court decision, but also claims which are "inextricably intertwined" with a state court decision. *Moccio v. New York State Office of Court Admin.,* 95 F.3d 195, 198 (2d Cir.1996). Finally, it bars claims which could have been raised in the state court. As Chu's claims are plainly covered by the *Rooker–Feldman* doctrine, the district court was correct in finding that it could not entertain Chu's claims.

We have carefully considered all of appellant's arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**